PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 5:23CR342 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CHRISTOPHER ELLIS WIGGINS, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 14] |

Pending before the Court is Defendant Christopher Ellis Wiggins' Motion to Revoke Detention Order, seeking the Court's "independent determination on the merits of his detention." ECF No. 14. The Government has responded. ECF No. 18. Having conducted a *de novo* review of the motion, response, pretrial report and its addendum, transcript of the detention hearing,[1] and relevant law, the Court denies Defendant's motion.

## I. Background

On March 19, 2023, a grand jury charged Defendant with being a felon in possession of a firearm and ammunition, violating 18 U.S.C. §§ 922(g)(1) and 924(a)(8). ECF No. 1 at PageID

---

[1] Defendant does not request that his detention hearing be reopened or an opportunity to present evidence that was not presented to the magistrate judge. Therefore, no new hearing is required. *See* 18 U.S.C. § 3142(f)(2) ("The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.")

(5:23CR342)

#: 1. At his initial appearance, the Government moved for Defendant's detention. Defendant requested a detention hearing. Defendant was remanded until a detention hearing could be held. *See* Minutes of proceedings, 01/17/2024. The assigned magistrate judge held a detention hearing on January 22, 2024. The Government proffered the Pretrial Services Report (ECF No. 5) and the Pretrial Services Report Addendum (ECF No. 10).

The Government emphasized Defendant's prior criminal history, which includes 2008 convictions for breaking and entering, disorderly conduct, carrying concealed weapons, aggravated robbery; a 2014 conviction for burglary; and a 2020[2] conviction for possession of drugs. ECF No. 10 at PageID #: 28–30 [SEALED]. The Pretrial Services report addendum reveals that in 2008 Defendant was charged with aggravated robbery, with a firearm specification. Defendant pled guilty to the aggravated robbery alone. A journal entry regarding Defendant's burglary conviction also noted that he was denied participation in a reentry program because of negative institutional summary reports. That denial was based on Defendant's identification as a member of a security threats group. ECF No. 15 at PageID #: 58.

The Government also proffered the following facts and circumstances surrounding the charges against Defendant in this case. The Akron Police Department responded to a domestic disturbance at Defendant's residence.[3] During the 911 call and after the officers' arrival, Defendant's wife claimed that Defendant had pulled a gun out of his pants and was waving it around. Defendant and his wife had been arguing over his wife's child. The wife stated that, when the argument intensified, Defendant lifted his shirt, displayed the gun, and placed his hand

---

[2] A discrepancy regarding the time of conviction is discussed below.
[3] The Pretrial Services Report states that Defendant and his wife now live at a different address. *See* ECF No. 5 at PageID #: 11. The Government stated that the two lived together at the previous address. ECF No. 15 at PageID #: 59.

2

(5:23CR342)

on it. Defendant's wife also acknowledged that the firearm was hers; but on her demand to return the firearm, Defendant refused. As justification, Defendant stated that his wife had slapped him on the head during the argument, so he placed his hand on the gun in his pants. Officers recovered the firearm from Defendant's pants. ECF No. 15 at PageID #: 59.

  The Government argued that the factors laid out in 18 U.S.C. § 3142 weighed in favor of detention.[4] The Government highlighted that the concealed firearm involved had been obtained unlawfully from Defendant's wife, and that he refused to return it at her request. The Government further highlighted that Defendant's use of the firearm to threaten his wife is concerning given the high rates of death in domestic violence incidences. The Government also acknowledged that Defendant had been issued a bond in his state case, but argued that it is just one consideration for the Court. ECF No. 15 at PageID #: 61–64.

  Defendant proffered a statement that his wife disputes the Government's description of events.[5] ECF No. 15 at PageID #: 60. Defendant also proffered evidence regarding employment, stating that he has his own handyman service company. He also proffered a letter from Fresh Mark, his employer, indicating that he could continue employment if given bond. ECF No. 15 at PageID #: 60-61. Defendant's employment at Fresh Mark would supplement his income from his handyman business. ECF No. 15 at PageID #: 61.

  Defendant argued that he should be released because he has had no issues while on state-issued bond for the events leading to the federal indictment. He also noted that he has not been charged with domestic violence, ECF No. 15 at PageID #: 65, and that he and his wife are expecting a child together in August. ECF No. 15 at PageID #: 61. Defendant highlighted that

---

[4] The Court conducts its own analysis of these factors below.
[5] Defendant does not explain how his wife disputes the events.

(5:23CR342)

his most serious crime, the aggravated robbery offense, was ten years ago and, since then, he has spent the last five years trying to stay out of trouble and live a law-abiding life. In summary, Defendant argues that he should be given bond because: (1) this is not a case in which detention is presumed; (2) he has been law-abiding during the past five years; (3) and his family support and strong family ties, employment, and continued residence in the Northern District of Ohio. ECF No. 15 at PageID #: 66.

The magistrate judge granted the Government's motion for detention. ECF No. 13. On appeal, Defendant argues that he should be released with appropriate conditions. He does not, however, suggest with any particularity those conditions. ECF No. 14 at PageID #: 50. The Government retorts that there are no conditions or combination of conditions that could assure the safety of the community or any individual, if Defendant is released. ECF No. 18 at PageID #: 91.

## II. Discussion

A defendant who has been detained may "file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). District courts review a magistrate judge's release or detention order *de novo*. See *United States v. Spivak*, 555 F.Supp.3d 541, 546 (N.D. Ohio 2021) (citations omitted). On review, the district court engages "in the same analysis, with the same options, under § 3142 as the magistrate judge." *Id.* (quoting *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000)).

There is no presumption of detention in this case. 18 U.S.C. § 3142(f)(1). As a result, the Court may detain Defendant only if the Government proves by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other

4

(5:23CR342)

person and the community.[6] *See* 18 U.S.C. § 3142(f)(2)(b); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

In making this determination, the Court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

### A. Nature and Circumstances of the Offense

The first factor asks whether the offense charged is a crime of violence, violation of section 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device. 18 U.S.C. § 3142(g)(1). Defendant is charged with being a felon in possession of a firearm. Defendant, however, did not simply possess the firearm. He threatened his wife, the person with whom he shared his home, with the firearm. Even if she now disputes the facts, the wife was concerned enough to call 911 because of Defendant's actions. The nature and circumstances weigh in favor of detention.

### B. Weight of the Evidence

The second factor measures the evidence that Defendant is a danger to the community or even a single person in the community. The parties agree that the state court released Defendant on bond, and later dismissed this case against Defendant due to the return of the federal indictment underlying the instant motion. The Government explains that the dismissal was due to the instant case. In fact, the state's motion to dismiss plainly states "[t]he State has learned

---

[6] Defendant argues that he does not pose a risk of failing to appear for future court appearances. ECF No. 14 at PageID #: 50–51. The Government does not dispute this, and neither party addressed this during the detention. Therefore, the Court addresses only safety.

5

(5:23CR342)

that Defendant has been federally indicted" and references the instant case, 5:23CR342, as its sole basis for dismissing the state case. *See* ECF No. 18-1. Defendant's time on bond in the state case weighs in his favor but, as the Government suggests, does not sufficiently address the danger that Defendant poses. This danger is amplified by Defendant's criminal history of violence. *See* ECF No. 10 at PageID #: 28–30 [SEALED].

### C. History and Characteristics

The third factor asks the Court to consider the history and characteristics of the person, including:

> (A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings;[7] and
> (B) Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.

18 U.S.C § 3142(g)(3)(A)-(B).

Defendant argues that he has strong family ties and support, employment, and has been a lifelong resident of Northern Ohio. He also points the Court to a lack criminal history for the last five years and the fact that he is married and has children. While the Court acknowledges that employment and long-term regional residence typically weigh in favor of release, Defendant's circumstances are not typical. He faces a federal indictment because of his alleged behavior resulting from a disagreement with his wife regarding a child in their home. Such disagreements

---

[7] Defendant has two failures to appear. They are older, worthy of concern, but do not, on their own, dictate a result. The Government also argues, without reply from Defendant, that he made no effort to self-surrender when indicted in this case, despite "the Defense" having been informed of the indictment. *See* ECF No. 18-1.

6

(5:23CR342)

are typical in families. Defendant's dangerously exaggerated reaction to a typical family disagreement erases his claim to strong family and regional ties.

Defendant's criminal history includes convictions for breaking and entering, disorderly conduct, carrying concealed weapons, aggravated robbery, burglary, and possession of drugs. In its opposition (ECF No. 18 at n. 2), the Government offers information that belies Defendant's claim that his last criminal conviction was in 2018, five years ago. Without contradiction, it appears that Defendant was convicted in 2020 and given a ten-month sentence of incarceration. The difference between the 2018 and 2020 dates was caused by Defendant's failure to appear for a trial scheduled for March 11, 2019. After a bench warrant had been issued, Defendant was arrested and again placed on bond, he pled guilty and received a ten-month sentence of incarceration on February 24, 2020.

While the length of any hiatus from criminality is not the sole consideration of the Court, it is one that gives the Court pause. Defendant's 2020 conviction for drug possession and response to the state court during the pendency of that case illustrates a disrespect for the law. ECF No. 10 at PageID #: 30 [SEALED].

The circumstances leading to his indictment have called Defendant's character into serious question. Knowing that he could not possess a firearm, he took his wife's firearm, concealed it on his person, and threatened her with it during a domestic disagreement. ECF No. 15 at PageID #: 61–62. He refused to return the firearm when his wife demanded its return.

Considering all subfactors, Defendant's history and characteristics weigh in favor of detention.

(5:23CR342)

### D. Nature and Seriousness

The final factor for the Court's consideration is the nature and seriousness of the danger to any person or the community that would be posed by the person's release. Defendant poses a serious danger to the community, and a particular danger to his wife and children, if he is released. An individual willing to unlawfully possess another's firearm and produce it during a disagreement is an individual capable of unlawfully using a firearm. A single heated moment might lead Defendant to, not just threaten his wife, but use a firearm against her or another.[8]

Therefore, the Court finds that this factor also weighs in favor of Defendant's detention.

### E. Conditions

The Court has considered conditions to impose in conjunction with Defendant's release. Defendant requests the opportunity to return home, to the individual he threatened, whom called 911, and from whom he unlawfully took a firearm. Defendant was able and willing to possess a firearm while legally prohibited from possessing any firearms. There is no way for the Court to monitor Defendant's access to firearms, no matter where he lives. The Court, therefore, finds that the Government has presented clear and convincing evidence that no condition or combination of conditions exist that would reasonably ensure the safety of the community, if Defendant were released.

---

[8] The Court notes that the state case did not include domestic violence charges. However, this is does not remove the possibility of future violence. Furthermore, the Court will not ignore the troubling homicide statistics involving intimate partner violence and firearms. *See* Elizabeth Tobin-Tyler, *Intimate Partner Violence, Firearm Injuries and Homicides: A Health Justice Approach to Two Intersecting Public Health Crises*, 51 J.L. Med. & Ethics 64, 64 (2023) ("[M]ore than half of female homicide victims are killed by a current or former male intimate partner.")

(5:23CR342)

### III. Conclusion

For the foregoing reasons, the Court denies Defendant's Motion to Revoke Detention Order (ECF No. 14).

IT IS SO ORDERED.

| | |
|---|---|
| March 4, 2024 | /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |